|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JESSE WASHINGTON, | Case No. 2:22-cv-00619-FMO-JC |
|---|---|
| Plaintiff, |  |
| v. | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| A. LASKOWSKI, et al., |  |
| Defendants. |  |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' submissions in connection with Defendants' Motion for Summary Judgment ("Motion"), along with all of the records herein, including the June 11, 2024 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") and Plaintiff's Objections to the Report and Recommendation ("Objections"). The Court has also considered Defendants' response to the Objections and Plaintiff's reply to the response. The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.

The Magistrate Judge recommends that Defendants' Motion be granted as to Claims Two through Five of Plaintiff's operative First Amended Complaint (alternatively, "FAC") and denied as to Claim One, against Defendant Laskowski, so that this action proceeds solely as against Defendant Laskowski on Claim One.

Plaintiff's Objections dispute the Magistrate Judge's findings as to Claims Two and Five only. (See Objections at 2, 7-11; see also Objections at 1 n.1 ("Plaintiff does not contest Claims Three and Four . . . .").

Claim Two asserts that Defendant Laskowski violated the Free Exercise Clause of the First Amendment by removing Plaintiff from his positions as a Ramadan meal server and coordinator in 2020. (See FAC at 5, 5E). The Magistrate Judge determined that the claim failed because the evidence, viewed in the light most favorable to Plaintiff, did not show that Plaintiff's mere inability to participate in the preparation, service, and coordination of Ramadan meals substantially burdened his religious beliefs, nor was Plaintiff otherwise prevented from substantially participating in any practice consistent with his beliefs. (R&R at 18-19). Plaintiff contends that his constitutional religious rights were violated because, as one of the three assigned inmate ministers, his roles as Ramadan meal server and coordinator were a "duty (Religious obligation/Belief) to the Muslim Inmate Community" of the prison. (Objections at 8). However, Plaintiff has no absolute constitutional right to engage in religious practices. Notwithstanding his removal from certain religious leadership duties, Plaintiff has not demonstrated that Defendant Laskowski *substantially* burdened his sincerely held religious beliefs. Cf. Anderson v. Angelone, 123 F.3d 1197, 1199 (9th Cir. 1997) (rejecting First Amendment challenge to state ban on inmate-led religious services due to institutional security concerns; noting that although inmate could not lead the religious services, there were "other ways for [inmate] to exercise his rights" because ban did not foreclose him from practicing his religion, and he was also still "welcome to assist the prison chaplain in leading religious activities"); Davis v. Flores, 592 F. App'x 569 (9th Cir. 2015) (rejecting First Amendment challenge to prison policy against inmate ministers leading religious services (citing Turner v. Safley, 482 U.S. 78, 89-91 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 351-52 (1987))). In any event, Laskowski is entitled to qualified immunity

because, as the Magistrate Judge found, Plaintiff fails to establish that Defendant's actions violated a federal right that was clearly established at the time.

Claim Five asserts that Defendant Jones violated Plaintiff's First Amendment right to be free from retaliation by removing him from his position as as a Ramadan food service coordinator on May 1, 2020, and as an ADA worker on October 11, 2021.  (See FAC at 5-5A, 5E-5I).  The Magistrate Judge found that the evidence fails to demonstrate that Defendant Jones had a retaliatory motive for his actions.  (R&R at 22-24).  Plaintiff disputes this finding as to his removal from the ADA position on October 11, 2021 (see Objections at 10-11), but he fails to identify any evidence, direct or circumstantial, which plausibly suggests that Jones acted with a retaliatory motive.  Plaintiff points, for example, to his allegation that Defendant Jones gave false testimony against Plaintiff on June 9, 2020, regarding Plaintiff's grievance against Laskowski about the Ramadan meal service.  (Objections at 10; see FAC at 5F).  Yet, that was more than a year before Plaintiff's removal from the ADA job.  Plaintiff also notes that on October 6, 2021, Jones made Plaintiff fill out an additional application and accept a pay reduction for the ADA job, but then had Plaintiff removed from the position just a few days later.  (Objections at 10-11; see FAC at 5G-5H).  As such actions bear no apparent connection to protected First Amendment conduct by Plaintiff, they do not establish a violation of Plaintiff's constitutional right to be free from retaliation.  See Hartman v. Moore, 547 U.S. 250, 259 (2006); McCollum v. Cal. Dep't of Corr. & Rehab., 647 F.3d 870, 882 (9th Cir. 2011).

Plaintiff thus fails to undermines the Magistrate Judge's conclusions in any respect.  Accordingly, the Court overrules the Objections and agrees with, approves, and accepts the Report and Recommendation.

///
///
///

IT IS HEREBY ORDERED:

1. Defendants' Motion for Summary Judgment is granted as to Claims Two through Five of the operative First Amended Complaint and denied as to Claim One of the operative First Amended Complaint;

2. Claims Two through Five of the operative First Amended Complaint are dismissed with prejudice;

3. This action is dismissed as against Defendant C.M. Jones;

4. This action will proceed solely on Claim One of the operative First Amended Complaint as against Defendant Laskowski.

IT IS SO ORDERED

DATED: August 22, 2024

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE